IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

_____

| | |
|---|---|
| ROBERT GLEN PLEBST, | Cause No. CV 12-42-GF-SEH-RKS |
| Petitioner, | |
| vs. | ORDER and<br>FINDINGS AND RECOMMENDATION<br>OF U.S. MAGISTRATE JUDGE |
| MARTIN FRINK; ATTORNEY<br>GENERAL OF THE STATE OF<br>MONTANA, | |
| Respondent. | |

_____

## I. Synopsis

On June 5, 2012, Petitioner Robert Plebst moved to proceed in forma

pauperis with this action seeking a writ of habeas corpus under 28 U.S.C. § 2254.

Mr. Plebst is a state prisoner proceeding pro se.  Mr. Plebst's petition should be

denied because he has not alleged a violation of a Constitutional or other federal

right.

## II. Motion to Proceed In Forma Pauperis

Mr. Plebst has sufficiently shown he cannot afford to pay all costs that may be associated with this action. The motion to proceed in forma pauperis will be granted.

## III. Preliminary Screening

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires courts to examine the petition before ordering the respondent to file an answer or any other pleading. The petition must be summarily dismissed "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *Id.* If summary dismissal is not warranted, the judge must order the respondent to file an answer, motion, or other response or "to take other action the judge may order." *Id.*

A petitioner "who is able to state facts showing a real possibility of constitutional error should survive Rule 4 review." *Calderon v. United States Dist. Court,* 98 F.3d 1102, 1109 (9th Cir. 1996) ("*Nicolaus*") (Schroeder, C.J., concurring) (referring to Rules Governing § 2254 Cases). Consideration under Rule 4 "may properly encompass any exhibits attached to the petition, including,

but not limited to, transcripts, sentencing records, and copies of state court opinions. The judge may order any of these items for his consideration if they are not yet included with the petition." Advisory Committee Note (1976), Rule 4, Rules Governing § 2254 Cases. "[I]t is the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." *Id.*; *see also* 28 U.S.C. § 2243.

## IV. Analysis

In 1997, Mr. Plebst pled guilty to felony assault. He was sentenced to serve ten years on that charge and an additional ten years for use of a weapon. The entire term was suspended, and Mr. Plebst was placed on probation. Judgment 1997 at 1-3 (doc. 1-1 at 4-6). In April 1999, his probation was revoked, in part because Mr. Plebst had absconded from supervision and "made no efforts to comply with the conditions of his probation." Judgment 1999 at 6 (doc. 1-1 at 14). The ten-year sentence for use of a weapon was vacated, *see State v. Guillaume*, 975 P.2d 312, 316 ¶ 16 (Mont. 1999), and he was re-sentenced to serve ten years in prison, with six years suspended. Judgment 1999 at 2 (doc. 1-1 at 10). In May 2005, probation was again revoked. Apparently, Mr. Plebst had absconded a second time, as he was ordered to pay the costs of extradition. He was denied credit for time spent on probation and re-sentenced to serve six years in prison. Other than the six-year

prison sentence, no other sentence or term of probation or parole was imposed. Judgment 2005 at 2 (doc. 1-1 at 16).

Mr. Plebst complains of a conviction incurred in 1997. At the latest, he discharged the sentence for that conviction on May 20, 2011. 2005 Judgment at 3 (doc. 1-1 at 17). He filed the instant petition, at the earliest, on May 19, 2012. Pet. (doc. 1) at 6 Pet'r Decl. ¶ C. He currently remains in custody at Crossroads Correctional Center, Pet. (doc. 1) at 1 (caption), on a conviction for escape, the sentence for which was imposed nearly two years after entry of the 2005 Judgment. *See* CON Network, https://app.mt.gov/conweb (accessed July 12, 2012). Therefore, Mr. Plebst is not in custody "by reason of" the felony assault conviction or the revocations he now seeks to challenge, *Spencer v. Kemna*, 523 U.S. 1, 7 (1998).

"[O]nce the sentence imposed for a conviction has completely expired," the mere continued existence of a conviction is not enough to show the petitioner is "'in custody' for the purposes of a habeas attack." *Maleng v. Cook*, 490 U.S. 488, 492 (1989) (per curiam). In extraordinary circumstances, exceptions may apply, *Resendiz v. Kovensky*, 416 F.3d 952, 959-60 (9th Cir. 2005), but not here. Mr. Plebst states that he was represented by counsel in the original proceedings. Pet. at 5 ¶ 17. His exhibits confirm not only that representation but representation at his

two subsequent re-sentencings, 1997 Judgment at 1, 1999 Judgment at 1, 2005 Judgment at 2 (doc. 1-1 at 4, 9, 16).  The usual procedures of appeal and collateral attack were "actually available" to him throughout the terms of his sentences, Mont. Code Ann. §§ 46-20-101(2), -21-102(1)(a); *Resendiz*, 416 F.3d at 959 (quoting *Daniels v. United States*, 532 U.S. 374, 383 (2001)).

To whatever extent Mr. Plebst alleges that he is perennially entitled to assistance of counsel or to free copies of documents from any of his state court files, he is mistaken.  No federal law exists requiring the States to provide free copies of public records to prisoners after the time for direct appeal as of right has expired, provided the requisite materials were available at the time for appeal.  "In all cases the duty of the State is to provide the indigent as adequate and effective an appellate review as that given appellants with funds."  *Draper v. Washington*, 372 U.S. 487, 496 (1963).  When the time for appeal has expired – as it has several times, all long ago, in Mr. Plebst's case – an indigent person and a person with funds are in the same boat: appeal is no longer available to either.  *See also Ross v. Moffitt*, 417 U.S. 600, 611-12 (1974); *Douglas v. California*, 372 U.S. 353, 357-58 (1963); *Eskridge v. Washington State Bd. of Prison Terms and Paroles*, 357 U.S. 214, 216 (1958) (per curiam); *Griffin v. Illinois*, 351 U.S. 12, 19 (1956).

The petition should be dismissed for lack of federal subject-matter

jurisdiction both because Mr. Plebst is not in custody and because he has not

alleged a violation of a Constitutional or other federal right.  28 U.S.C. § 2254(a).

### V. Certificate of Appealability

A certificate of appealability is not warranted.  It is not clear what claims Mr.

Plebst's petition alleges, but certainly he makes no substantial showing that he has

been deprived of a federal constitutional right.  28 U.S.C. § 2253(c)(2).  In

addition, under the rule of *Maleng*, there is no doubt that he is no longer "in

custody."  *Lambright v. Stewart*, 220 F.3d 1022, 1026 (9th Cir. 2000) (quoting

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  There is no reason to encourage

further proceedings.  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*,

529 U.S. at 484).

Based on the foregoing, the Court enters the following:

### ORDER

Mr. Plebst's motion to proceed in forma pauperis (doc. 2) is GRANTED.

The Clerk of Court shall waive payment of the filing fee.

The Court also enters the following:

### RECOMMENDATION

1. The Petition (doc. 1) should be DISMISSED.

2. The Clerk of Court should be directed to enter by separate document a judgment of dismissal.

3. A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Mr. Plebst may serve and file written objections to this Findings and Recommendation within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. If Mr. Plebst files objections, he must itemize each factual finding to which objection is made and must identify the evidence in the record he relies on to contradict that finding; and he must itemize each recommendation to which objection is made and must set forth the authority he relies on to contradict that recommendation. Failure to assert a relevant fact or argument in objection to this Findings and Recommendation may preclude Mr. Plebst from relying on that fact or argument at a later stage of the proceeding. A district judge will make a de novo determination of those portions of the Findings and Recommendation to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendation. Failure to timely file written objections may bar a de novo

determination by the district judge and/or waive the right to appeal.

Mr. Plebst must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address." Failure to do so may result in dismissal of his case without notice to him.

DATED this 13th day of July, 2012.

 /s/ Keith Strong

Keith Strong
United States Magistrate Judge